COLGATE-PALMOLIVE COMPANY
v.
DEPARTMENT OF REVENUE
(TC 3568)

James N. Gardner, Gardner Cosgrove & Gardner, Portland, represented plaintiff.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision rendered June 30, 1994.

**CARL N. BYERS, Judge.**

This matter is before the court on plaintiff's motion for reconsideration and motion to allow the filing of an amended complaint.

On January 28, 1994, plaintiff appealed from defendant's Opinion and Order No. 91-1112. The complaint was signed by plaintiff's vice president of taxation. He was not an active member of the Oregon State Bar as required by ORS 9.320 and Oregon Tax Court Rule 17 A. On February 22, 1994, defendant moved to strike the complaint because it did

not comply with the statute and rule. The motion also requested reasonable attorney fees.

Plaintiff did not respond to defendant's motion and on March 24, 1994, the court issued an order granting the motion. Plaintiff then retained Oregon counsel and moved for reconsideration and to allow the filing of an amended complaint.

Plaintiff's motion for reconsideration seeks to excuse the deficiencies of its complaint. Plaintiff claims the instruction sheet accompanying defendant's opinion and order contained misleading instructions, indicating plaintiff could represent itself. However, while the instruction may have implied plaintiff could represent itself, it also expressly provided:

"You must comply with the statutes and court rules which control appeals."

Plaintiff's error was in failing to obtain and read the applicable statutes and rules. Plaintiff is obligated to comply with Oregon laws and rules regardless of its experiences in other jurisdictions.

■ However, the deficiencies of plaintiff's complaint are not the central issue. The issue is whether plaintiff should be excused from failing to respond to defendant's motion to strike. If plaintiff had any estoppel arguments or defenses, they should have been asserted in its response to that motion. Tax Court Rule 14 E allows a party 10 days to respond to a motion. Plaintiff did not respond. After more than 30 days expired, the court granted defendant's motion. Only then did plaintiff retain Oregon counsel and file its motion for reconsideration. Accordingly, the question is not whether plaintiff was misled by the instructions but whether plaintiff should be excused from failing to respond timely to a motion to strike.

■ It is well established that the law favors resolving disputes on the merits rather than on technicalities. As the Oregon Supreme Court stated in *State of Oregon ex rel v. Dobson*, 195 Or 533, 245 P2d 903 (1952):

"Equity seeks justice rather than technicality, truth rather than evasion, common sense rather than quibbling." 195 Or at 577 (citation omitted).

■ Plaintiff's memorandum in support of its motion for reconsideration indicates that if the court grants plaintiff's motion to file an amended complaint plaintiff will not contest the order striking its original complaint. However, plaintiff "vigorously disputes" the award of attorney's fees. Plaintiff argues that Tax Court Rule 17 C does not authorize an award of attorney's fees for noncompliance with ORS 9.320. Plaintiff has misinterpreted the rule. ORS 9.320 requires plaintiff to be represented by an attorney. Plaintiff was not represented and therefore signed its complaint in violation of Rule 17 A. The court finds plaintiff should pay defendant's reasonable expenses, including attorney fees, incurred in filing its motion to strike and in opposing plaintiff's motions. Now, therefore,

IT IS ORDERED that plaintiff's motion for reconsideration of order granting defendant's motion to strike is denied, and

IT IS FURTHER ORDERED that plaintiff's motion to allow the filing of an amended complaint is granted.